UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THE SPORTSMAN CHANNEL, INC.,

    Plaintiff,

   v.           Case No. 15-CV-416

ANDY ROSS ON TOUR, LLC, et al.,

    Defendants.

# DECISION AND ORDER

## I. Procedural History

The Sportsman Channel, Inc., a Delaware corporation with its principal place of business in New Berlin, Wisconsin (ECF Nos. 1, ¶ 1; 22, ¶ 1), brought this action against Andy Ross On Tour, LLC (AR On Tour), a Tennessee limited liability company with its principal place of business in Spring Hill, Tennessee (ECF Nos. 1, ¶ 2; 22, ¶ 3), and Andy Ross, a citizen of Tennessee (ECF Nos. 1, ¶ 3; 22, ¶ 4), to recover the roughly $200,000.00 it alleges it is owed pursuant to a contract for airing television shows produced by AR On Tour. Andy Ross is the only member of AR On Tour (ECF Nos. 1, ¶ 2; 22, ¶ 5), and thus complete diversity exists and the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

Sportsman moved for summary judgment on December 1, 2015. (ECF Nos. 15, 16.) The defendants responded (ECF No. 21), and Sportsman replied (ECF No. 26). The motion is now ready for resolution. All parties consented to the full jurisdiction of a magistrate judge. (ECF Nos. 3, 9, 10.) A final pretrial conference is scheduled for April 26, 2016 and a jury trial is scheduled to commence on May 10, 2016. (ECF No. 14.)

II.     **Undisputed Facts**

"Sportsman is a television network dedicated to outdoor sports, including hunting and fishing." (ECF No. 22, ¶ 2.) It entered into an agreement with AR On Tour on March 27, 2014 that covered calendar year 2014 whereby AR On Tour would produce 26 episodes of television programs under two titles. (ECF No. 22, ¶ 7.) AR On Tour would then pay Sportsman to air these programs. (ECF No. 22, ¶ 11.) Sportsman agreed to advertise these shows in accordance with certain terms. (ECF No. 27, ¶ 2.) Sportsman also agreed to air certain additional advertisements for which AR On Tour agreed to pay an additional sum. (ECF No. 22, ¶ 12.) Ross personally guaranteed the payment of all sums due to Sportsman from AR On Tour. (ECF No. 22, ¶ 29.) The agreement called for interest to accrue at a rate of 1.5% per month on delinquent payments (ECF No. 22, ¶ 22), and for AR On Tour to pay Sportsman's collection costs, including attorney's fees (ECF No. 22, ¶ 25).

Sportsman began airing episodes of AR On Tour's programs in January 2014 (ECF No. 22, ¶ 13) and continued airing episodes throughout all of 2014 (ECF No. 22,

¶16.) AR On Tour made only one payment to Sportsman under the agreement, in October of 2014. (ECF No. 22, ¶ 17.) Despite Sportsman's demands for payment (ECF No. 22, ¶¶ 26, 31), AR On Tour made no other payments. (ECF No. 22, ¶ 21, 32.)

### III.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable finder of fact could accept the non-moving party's position and return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from that evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008)); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001). The "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). "To survive summary judgment, the nonmovant must produce sufficient admissible evidence, taken in the light most favorable to it, to return a jury verdict in its favor." *Fleishman v. Cont'l Cas. Co.*, 698 F.3d

598, 603 (7th Cir. 2012) (quoting *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 690-91 (7th Cir. 2010)).

The parties agree that the present dispute is governed by Wisconsin law. (ECF No. 22, ¶ 34.)

IV. Analysis

To prevail on an action for breach of contract, a plaintiff must show that the parties entered into an agreement "that creates obligations flowing from the defendant to the plaintiff," that the defendant failed to do what it agreed to do, and that the plaintiff suffered damages as a result. *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 11, 289 Wis. 2d 795, 807, 714 N.W.2d 582, 588 aff'd sub nom. *Brew City Redevelopment Grp., LLC v. Ferchill Grp.*, 2006 WI 128, ¶ 11, 297 Wis. 2d 606, 724 N.W.2d 879; *see also Riegleman v. Krieg*, 2004 WI App 85, ¶ 20, 271 Wis. 2d 798, 808, 679 N.W.2d 857, 862-63.

There is no dispute that Sportsman and AR On Tour entered into a contract (ECF No. 1-1 at 1-16) and that Ross personally guaranteed AR On Tour's payments to Sportsman (ECF Nos. 1-1 at 15-17; 22, ¶¶ 29-30). Nor is there any dispute that neither AR On Tour nor Ross paid the full amount called for under the contract. (ECF No. 22, ¶ 27.) However, the defendants argue that certain disputes of material fact preclude summary judgment. The court will address these arguments in turn.

### A. Failure to Mitigate

The defendants contend that Sportsman is not entitled to the full amount it seeks because it failed to mitigate its damages. The defendants note that after AR On Tour fell behind on payments Sportsman had the right under the contract to suspend airing AR On Tour's shows and to demand payment before future airings. (ECF No. 21 at 3.) Its duty to mitigate required that Sportsman exercise its right to suspend airing the AR On Tour shows and find someone else's shows to run in their place.

A party alleging a breach of contract is obligated "to use reasonable means under the circumstances to avoid or minimize the damages." *Peterson v. Cornerstone Prop. Dev., LLC*, 2006 WI App 132, ¶ 53, 294 Wis. 2d 800, 830, 720 N.W.2d 716, 731 (quoting *Kramer v. Board of Educ. of the Sch. Dist. of the Menomonie Area*, 2001 WI App 244, ¶ 13, 248 Wis.2d 333, 635 N.W.2d 857). Damages that were avoidable are not recoverable. *Id.* The defendants bear the burden to show that Sportsman should have taken certain steps to mitigate its damages and failed to do so. *PNC Bank, N.A. v. Van Hoornaar*, 2015 U.S. Dist. LEXIS 116956, 10 (E.D. Wis. Sept. 2, 2015) (citing *Sprecher v. Weston's Bar, Inc.*, 78 Wis.2d 26, 42, 253 N.W.2d 493, 500 (Wis. 1977)); *see also* Wis. JI Civil 1731.

Only if Sportsman were able to replace AR On Tour's programs with different revenue-generating programming would ceasing airing AR On Tour's programs have mitigated Sportsman's damages. But the defendants offer nothing to indicate that it was feasible, much less reasonable, for Sportsman to replace AR On Tour's programs with a

program that would generate revenue. The defendants have failed to show that a genuine dispute of material fact exists as to whether Sportsman failed to mitigate its damages.

### B. First Quarter of 2014

AR On Tour contends that, because the contract was not signed until March 27, 2014, at which time AR On Tour was already in arrears, Sportsman cannot "recover its interest, late fees, or attorney fees related to this time period." (ECF No. 21 at 4.) It cites no authority in support of that proposition. The contract on its face applied to the entire year, including explicit references as to what occurred in the first quarter of 2014 (ECF No. 1-1, ¶¶ 1. (a)-(b)) and outlining the amounts owed for the period prior to when the contract was signed (ECF No. 1-1, ¶ 3. (a)). Such relation back or retroactivity of contracts, whereby a contract is considered effective as of some date prior to when the contract was signed, is not unusual. *See, e.g., Grubb & Ellis Co. v. Bradley Real Estate Trust*, 909 F.2d 1050, 1054 (7th Cir. 1990) (discussing cases). When an contract is clear on its face that it applies to a period before the contract was executed, the court will enforce the contract as written. *See Beaudette v. Eau Claire Cty. Sheriff's Dep't*, 2003 WI App 153, ¶ 29, 265 Wis. 2d 744, 764, 668 N.W.2d 133, 143.

The court gives the contract its plain meaning and concludes that the contract, including the provisions related to interest charges and collection costs, covers the entire 2014 calendar year.

## C. Sportsman's Performance Under the Contract

The defendants contend: "Plaintiff had certain marketing obligations under the written Agreement, which it failed to perform in accordance with the contract. As such, Plaintiff breached the Agreement. Having failed to perform all of its obligations under the Agreement, Plaintiff should be precluded from recovering the entire amounts sought." (ECF No. 21 at 4.)

Those three sentences are the extent of the defendants' argument on this point. It is well-established that perfunctory and undeveloped arguments are forfeited. *See, e.g.*, *Barker v. Quick Test, Inc.*, 2016 U.S. Dist. LEXIS 32755 (N.D. Ill. Mar. 15, 2016) (citing *Batson v. Live Nation Entm't, Inc.*, 746 F.3d 827, 833 (7th Cir. 2014); *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010)). This argument, unsupported by any citation to authority or the record, is undeveloped and thus forfeited. But that is only the first reason why this is not a basis for denying Sportsman's motion for summary judgment.

The only support for the defendants' assertion that Sportsman did not perform its marketing obligation under the contract is Ross's affidavit in which he states on "knowledge and belief" that Sportsman did not fulfill its obligation to produce three print advertisements promoting the shows. (ECF No. 25, ¶ 10.) Affidavits based upon belief are not sufficient to create a genuine dispute of material fact. *See, e.g.*, *Martin v. Indiana*, 2015 U.S. Dist. LEXIS 107808, 21-22 (N.D. Ind. Aug. 17, 2015) (citing *Cleveland v.*

*Porca Co.*, 38 F.3d 289, 295 (7th Cir. 1994); *Powers v. Dole*, 782 F.2d 689, 695 (7th Cir. 1986)). And to the extent the affidavit purports to be based upon Ross's knowledge, the statement that Sportsman did not fulfill its obligation to produce three print advertisements promoting the shows is wholly conclusory and completely unsupported by anything in the record. While using the magic word "knowledge" required under Fed. R. Civ. P. 56(c)(4), as it is used here, the empty assertion differs little from the assertions made on "information and belief" that have been so frequently disregarded. *See, e.g.*, *Martin*, 2015 U.S. Dist. LEXIS 107808, 21-22 (discussing cases). No reasonable finder of fact could find that a party breached its contractual obligations based upon nothing more than such an unsupported assertion. As a result, even if the court were to look past the defendants' forfeiture, the defendants have not shown that a dispute of material fact exists as to whether Sportsman complied with its marketing obligation under the contract.

### D. Sportsman's Failure to Provide Notice

The defendants argue that Sportsman cannot recover because it did not comply with the termination provisions under the contract. (ECF No. 21 at 5.) But Sportsman never terminated the agreement. It continued airing AR On Tour's programs throughout the term of the contract. Indeed, it is because it continued to perform under the contract that it now seeks to be compensated, which performance also provides the basis for the defendants' failure to mitigate argument. The defendants do not point to

8

any provision suggesting that Sportsman was somehow obligated to terminate the contract once AR On Tour failed to comply with its obligation to pay.

**E. Additional Matters**

In a last ditch effort to avoid summary judgment the defendants state: "Lastly, Defendants submit that Defendants' Statement of Additional Material Facts Which Are In Dispute, being contemporaneously filed herewith, preclude summary judgment, as these issue go to the heart of the matter between the parties, and factually have an impact on matters of both liability and damages." (ECF No. 21 at 5.) Again, this argument is undeveloped and thus forfeited. It is the non-movant's obligation to identify genuine disputes of material fact and to articulate to the court specific reasons why those disputes preclude summary judgment. *See Fleishman*, 698 F.3d at 603. It is not the court's job to scour proposed findings of fact, affidavits, or other exhibits looking for genuine issues of material fact.

**F. Damages**

Aside from the arguments rejected above, the defendants do not raise any challenge to the "$192,821.18 owed for production costs and distribution fees for services provided by Sportsman to AR On Tour." (ECF No. 22, ¶ 20.) Nor do the defendants offer any further objection to Sportsman's assertion that as of February 20, 2015, interest in the sum of $12,569.20 had accumulated on the past due balance. Nor is there any objection that interest continues to accrue since February 20, 2015 on the

9

principal balance of $192,821.18 at a rate of 1.5% per month. Nor does Ross dispute that, pursuant to the contract, Sportsman is entitled to the attorney's fees it incurred in prosecuting this action. Finally, there is no dispute that Ross personally guaranteed the sums owed to Sportsman by AR On Tour.

Therefore, the court finds judgment appropriate against Andy Ross On Tour, LLC and Andy Ross personally, jointly and severally, in the sum of $205,390.38, together with The Sportsman Channel, Inc.'s costs and attorney's fees, as well as interest at the rate of 1.5% per month on the principal balance of $192,821.18, accruing from February 20, 2015.

**IT IS THEREFORE ORDERED** that the motion by The Sportsman Channel, Inc. for summary judgment is granted. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 23rd day of March, 2016.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge